IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| EVANGELA FORBES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-510C<br>(Judge Charles F. Lettow) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE "DRIVING TIME" ISSUE**

## I. THE COURT IN EASTER MISAPPLIED BRAND X AND COKE.

In its Opposition filed on September 9, 2008 ("Def. Opp."), defendant seeks to blunt the impact of Brand X and Coke on the ground that those cases did not address required home-to-work driving by federal employees as compensable work under the FLSA. Clearly, defendant is correct that those cases do not focus upon required home/work driving. Rather, what Brand X and Coke do address is the general law under Chevron U.S.A. Inc. v. NRDC, 467 U.S. 837 (1984) ("Chevron"), relating to the deference that courts are required to afford federal agency regulations. Thus, the fact that Brand X and Coke do not relate to required home/work driving under FLSA is without consequence herein.

Secondly, defendant relies upon the Court's assertion in Easter v. United States, No. 04-1435C (Fed. Cl. August 1, 2008) ("Easter"), that Brand X and Coke are applicable only where an agency has enacted regulations subsequent to a contrary court opinion. See Def. Rep. 7. As stated in Easter:

> Therefore, the Federal Circuit's adherence to the rule of stare decisis in Adams II was not contrary to the Court's holding in [Brand X] because it did not ignore OPM interpretations of a government regulation made after the Federal Circuit had decided Bobo. Likewise, this court would not be violating the rule of [Brand X] by following Adams II because plaintiffs do not rely on a new OPM regulation interpreting home-to-work driving under the FLSA issued subsequent to that decision. (Easter, Slip. Op. 19-20.)

The fallacy of the Court's analysis in Easter is that it flies directly in the face of the Supreme Court's decision in Brand X, in which, on behalf of the majority, Justice Thomas expressly declared that Chevron deference did not depend on whether agency decisions preceded or followed contrary court decisions:

> A contrary rule would produce anomalous results. It would mean that whether an agency's interpretation of an ambiguous statute is entitled to Chevron deference would turn on the order in which the interpretations issue: If the court's construction came first, its construction would prevail, whereas if the agency's came first, the agency's construction would command Chevron deference. Yet whether Congress has delegated to an agency the authority to interpret a statute does not depend on the order in which the judicial and administrative constructions occur. (Emphasis added) (545 U.S. at 983).

Hence, in Coke the Supreme Court mandated Chevron deference for a DOL regulation that had been in existence for three decades prior to the adoption of a contrary interpretation by the Second Circuit which was then under review. See 127 S.Ct. at 2350-51.

Similarly, defendant makes the point that "Brand X was actually decided prior to Adams." Def. Opp. 3. However, all this demonstrates is that the Federal Circuit's decision was not in compliance with the requirement in Brand X that deference to agency regulations was required.

In the instant case, OPM's applicable FLSA regulations were adopted after notice and comment on December 30, 1980, 45 F.R. 85659, and became effective on January 29, 1981. Under

5 C.F.R. § 551.401 of these long-standing OPM Regulations, "Hours of Work" are defined in relevant part as follows:

> **§ 551.401 Basic principles.**
>
> (a) All time spent by an employee performing an activity for the benefit of an agency and under the control or direction of the agency is "hours of work." Such time includes:
>
> (1) Time during which an employee is required to be on duty;
>
> (2) Time during which an employee is suffered or permitted to work; and
>
> (3) Waiting time or idle time which is under the control of an agency and which is for the benefit of any agency.

5 C.F.R. § 551.401 (2008).[1/]

First, under § 551.401(a)(1), it is clear that plaintiff was "on duty" while engaged in required driving of her government vehicle between home and work.

Alternatively, under § 551.401(a)(2) it is clear that plaintiff was being "suffered or permitted" to work when engaged in such driving. See Doe v. United States, 372 F.2d 1347, 1360-61 & nn.6-7 (Fed. Cir. 2004). As stated by this Court in Abbey v. United States, 2008 U.S. Claims, LEXIS 207, 12-14:

> To prevail on a FLSA claim for an overtime activity suffered or permitted to be performed, plaintiffs must carry their burden of proof on all of the elements of the particular claim. See Anderson v. Mt. Clemens Pottery Co. (Anderson), 328 U.S. 680, 686-87, 66 S. Ct. 1187 90 L. Ed. 1515 (1946). "First, plaintiffs must establish that each activity for which overtime compensation is sought constitutes 'work.' For an activity to constitute work, plaintiffs must prove that the activity was (1) undertaken for the benefit of the employer; (2)

---

[1/] The Fair Labor Standards Act does not contain a definition of "hours of work."

> known or reasonably should have been known by the employer to have been performed; and (3) controlled or required by the employer." Bull v. United States (Bull I), 68 Fed. Cl. 212, 220 (2005) citations omitted). "To benefit the employer, an activity need not be 'productive' – rather, it must be necessary" to the employee's ability to accomplish the principal duties owed to the employer. Id. at 223 (citation omitted). "Compensable work under the FLSA includes work that is 'suffer[ed] or permit[ted].'" Id. at 220 (quoting 29 U.S.C. § 203(g)) (alterations in original). "Suffered or permitted work means any work performed by an employee for the benefit of an agency, whether requested or not, provided the employee's supervisor knows or has reason to believe that the work is being performed and has an opportunity to prevent the work from being performed." 5 C.F.R. § 551.104 (2006).

Further, even if plaintiff's driving might be viewed as merely constituting "waiting time or idle time," it is equally compensable under OPM's regulations since it is under defendant's direction and control and for its benefit. See Abbott v. United States, 204 F.3d 1099, 1100 n. 1 (Fed. Cir. 2000).

Most significantly, OPM's longstanding regulation at 5 C.F.R. § 551.422(a)(2) (2008), expressly declares that "[t]ime spent traveling shall be considered hours of work if . . . (2) [a]n employee is required to drive a vehicle or perform other work while traveling." (Emphasis added). Thus, required home/work driving by plaintiff is expressly declared by OPM to be FLSA compensable "hours of work," without requiring that "the plaintiffs must perform additional legally cognizable work while driving . . . to compel compensation for the time spent driving," as the Federal Circuit held in Adams to be legally required. 471 F.3d at 1325. Thus there is a clear conflict between OPM's pre-existing regulations and the Federal Circuit's decision in Adams.

As stated by the Federal Circuit in Hawkins v. United States, 469 F.3d 993, 1000 (Fed. Cir. 2006):

> [S]o long as the agency's construction of the term in the statute is reasonable, Chevron "requires a federal court to accept the agency's construction . . . even if the agency's reading differs from what the court believes is the best statutory interpretation." Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs., 162 L. Ed. 2d 820, 545 U.S. 967, 125 S. Ct. 2688, 2699 (2005).

Similarly, in Patterson v. Department of Interior, 424 F.3d 1151 (Fed. Cir. 2005), the Federal Circuit declared as follows regarding another OPM regulation:

> It . . . necessarily follows that Congress has not spoken on the issue of how to apply the principles of veterans' preference to positions within the excepted service that are not subject to examination. In other words, Congress left a "gap" in the VPA on this issue, and the regulations issued by OPM to fill this gap are therefore entitled to deference under Chevron. Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs., 162 L. Ed. 2d 820, 125 S. Ct. 2688, 2700 (2005) ("Chevron's premise is that it is for agencies, not courts, to fill statutory gaps."); see also Chevron, 467 U.S. at 843-44. OPM's regulation at 5 C.F.R. § 302.101(c)(9) fills this gap, since applicants for attorney vacancies in the excepted service are not subject to examination. (Id. at 1158-1159).
>
> * * *
>
> It is well settled law, . . . that where Chevron deference is due, our role is not to substitute the agency's interpretation with what we think might be a better interpretation. Rather, our role is limited to assessing whether the agency's interpretation is reasonable. Chevron, 467 U.S. at 843 n. 11 ("[A] court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.") (Id. at 1159).

On this basis plaintiff submits that just as was the case in Brand X and Coke, this Court is obligated to defer to OPM's regulations rather than to a contrary ruling of the Federal Circuit, and that on their face OPM's regulations require this Court to declare plaintiff's required home/work driving compensable under FLSA upon partial summary judgment, or after trial, and that defendant is not entitled to judgment on the pleadings under RCFC 12(c).

## II. THE COURT IN EASTER MISAPPLIED THE FEDERAL CIRCUIT'S DECISION IN BILLINGS.

In their briefing to the Court in Easter, plaintiffs argued that Billings v. United States, 322 F.3d 1328 (Fed. Cir. 2003), required defendant to conform to the position of the United States Department of Labor ("DOL"), which declares required home/work driving by employees to be FLSA compensable.[2/] Indeed, the Court in Easter recognized the Federal Circuit's holding in Billings to be as follows:

> The Federal Circuit held that, while OPM regulations were required to harmonize with DOL regulations, there could be differences between the two if the variance was both reasonable and necessary "to accommodate the difference between private and public sector employment." Id. at 1334. The Billings court determined that the differences with respect to the "executive employee exemption" met the relevant criteria and that OPM's regulations was therefore valid. Id. . . . (Slip Op. at 21-22).

Thus, while the Court in Easter acknowledged that under Billings, a variance between OPM's and DOL's regulations was permissible if it "was both reasonable and necessary 'to accommodate the difference between private and public sector employment,'" it did not address the

---

[2/] DOL's current Field Operations Handbook contains a rule (albeit addressing ambulances), that indicates DOL's present position on home/work driving:

> In the ordinary case where an employer permits an employee to drive an ambulance to and from his home for the employee's own convenience, the time so spent is not hours worked. If the employee is required to take the ambulance home in order to respond to calls immediately, all the time spent in driving would be hours worked.

Wage and Hour Div., F.O.H. § 31d00(a)(5) (internal citation omitted) (emphasis added).

See Am. Fed'n of Gov't Employees v. Office of Personnel Management, 821 F.2d 761, 769-772 (D.C. Cir. 1987), in which the D.C. Circuit struck down two OPM FLSA regulations because they conflicted with DOL's FLSA rules.

fact that in Easter, the Government submitted no evidence (nor argument for that matter), in support of the proposition that non-payment in the federal sector for required home/work driving "was both reasonable and necessary to accommodate the difference between public and private sector employment." Hence, the Court's decision in Easter failed accurately to interpret and apply Billings.

On the other hand, in their brief in Easter, plaintiffs pointed to the decision of this Court in Angelo v. United States, 57 Fed. Cl. 100 (2003) ("Angelo"). There the principles announced by the Federal Circuit in Billings were applied to the effect that a greater executive authority in the area of hiring or discharge is a required component of the test under DOL's regulations for the executive exemption whereas the Federal Government's construction of the relevant OPM regulation "would have the Court find an employee exempt based merely on authority to promote or advance in pay." Id. at 114. The Court in Angelo concluded that, "in the context of executive employees, the OPM standard clearly sets out a broader opportunity for exemption (or, from Plaintiffs' perspective, a looser threshold) than the DOL regulations." Id.

The Court in Angelo then declared that "there is no apparent justification for why a federal employee should be considered an executive exempt from FLSA overtime requirements because of authority to recommend mere advancement in pay or promotion of subordinates, while a comparable private sector employee is required to demonstrate additional authority to recommend the more significant action of hiring or firing such subordinates." Id. The Court concluded that the OPM regulation had to comply with DOL's regulation and that the Court would hear the parties' evidence regarding this component "as construed herein . . . at trial."[3/]

---

[3/] Angelo apparently was settled prior to trial.

Plaintiff submits that in this case defendant was obligated to explain why it is both "reasonable and necessary" for the Federal Government to deviate from DOL's position that requires home/work driving of employer vehicles to be FLSA compensable. Defendant clearly has failed to do so thereby making clear that plaintiff successfully has stated a claim and is entitled to partial summary judgment.

## CONCLUSION

Based upon the foregoing and Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings, Dismissing the Claims Remaining to Be Adjudicated, plaintiff requests the Court to deny Defendant's Motion for Judgment on the Pleadings and grant partial summary judgment to plaintiff.

Respectfully submitted,

OF COUNSEL:
Linda Lipsett

**s/Jules Bernstein**
Jules Bernstein (Counsel of Record)
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798
(202) 296-7220 facsimile

Counsel of Record

**s/Edgar James**
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
(202) 496-0500
(202) 496-0555 facsimile

Attorneys for Plaintiff

Dated: September 11, 2008

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 11th day of September 2008, a copy of the foregoing “PLAINTIFF’S REPLY TO DEFENDANT’S OPPOSITION TO PLAINTIFF’S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE ‘DRIVING TIME’ ISSUE” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.